HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENDA CONGDON,

  Plaintiffs,

 v.

WELLS FARGO BANK, N.A.,

  Defendant.

CASE NO. C18-394 RAJ

ORDER

This is matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss, and Plaintiff Brenda Congdon's ("Ms. Congdon" or "Plaintiff") Motion to Remand. Dkt. ## 7, 12. The Court, having considered all papers submitted in support of and in opposition to these motions, finds that Defendant's Motion to Dismiss shall be **GRANTED**. Plaintiff's Motion to Remand is **DENIED**.

## I. BACKGROUND

Taking the factual assertions, but not legal conclusions, presented in Plaintiff's Complaint as true, Plaintiff refinanced her single-family residence in August 2007 with World Savings Bank ("WSB"). Dkt. # 1-1 at 6-7. Plaintiff and her husband fell behind on their mortgage payments and defaulted, causing Defendant to initiate foreclosure proceedings. *Id.* at 8. After the origination of Plaintiff's loan, Plaintiff alleges WSB sold

ORDER – 1

her loan to another entity or entities. *Id*. Plaintiff alleges that these unknown entities were involved in the securitization of her loan into a Real Estate Mortgage Investment Conduit (REMIC 31 Trust) prior to November 2007. *Id*. However, Plaintiff alleges that because her Note and Deed of Trust were assigned to the REMIC 31 Trust, Defendant Wells Fargo did not acquire plaintiff's loan when it acquired Wachovia (formerly known as WSB) in October 2008. *Id*. at 5-7. As a result, Plaintiff claims that the trustee of the REMIC 31 Trust is the Bank of New York Mellon and not Wells Fargo. *Id*. at 8. Plaintiff therefore alleges that Wells Fargo is not the true beneficiary of her underlying debt obligations.

The present matter before the Court case represents a continuation of another cause of action before Judge Lasnik, Case No. 2:16-cv-01629-RSL. Plaintiff filed this previous lawsuit on October 17, 2016, alleging nearly identical facts as described above. Case No. 2:16-cv-01629-RSL, Dkt. # 1. Plaintiff then alleged violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement and Procedures Act ("RESPA"), and for breach of contract. *Id*. Wells Fargo filed a motion to dismiss, and Plaintiff amended her original complaint, keeping her TILA and RESPA claims, and adding claims for accounting and cancellation of instruments. *Id.* at Dkt. ## 8, 10. Wells Fargo again moved to dismiss Plaintiff's amended complaint. *Id*. at Dkt. # 19. Judge Lasnik granted Wells Fargo's motion and dismissed the TILA rescission claim with prejudice, and dismissed Plaintiff's other three claims without prejudice. Dkt. # 24. Judge Lasnik instructed Plaintiff to file a motion to amend and attach her proposed Second Amended Complaint ("SAC") in order to cure the defects. *Id*. at Dkt. # 24, p. 10. Plaintiff filed her motion and her proposed SAC, attempting to cure the deficiencies in her RESPA, cancellation of instruments and accounting claims, and adding new claims for violations of the Fair Debt Collection Practices Act ("FDCPA") and negligence. *Id*. at Dkt. # 25-2.

Judge Lasnik rejected these claims as well, denied Plaintiff's motion to amend, and dismissed her claims with prejudice. *Id*., at Dkt. # 30, p. 9.

Plaintiff then filed a motion to alter or amend the judgment dismissing her claims, and requested leave to file yet another proposed SAC. *Id*. at Dkt. # 32. In this second proposed SAC, Plaintiff alleged causes of action for violations of RCW 11.40.051 and RCW 4.6.040, and re-alleged her FDCPA claims and cancellation of instruments claims. *Id*. at Dkt. # 32-1. Plaintiff alleged that Wells Fargo violated Washington's statute of limitations for contracts, RCW 4.16.040, because it enforced the loan more than six years after her October 2010 default. *Id*. at Dkt. # 32-1, p. 10. Plaintiff also alleged that Wells Fargo violated RCW 11.40.051 in failing to present a claim against the Estate of Renwick Congdon, Plaintiff's husband. *Id.* at Dkt. # 32-1, p. 9.

On August 24, 2017, Judge Lasnik denied Plaintiff's motion to alter or amend, finding that her proposed causes of action in the second proposed SAC had already been raised and fully adjudicated, or that they had been waived. *Id.* at Dkt. # 34. On September 22, 2017, Plaintiff appealed the Court's order denying her motion for leave to amend the complaint, and also the order denying her motion to alter or amend the judgment to the Ninth Circuit. *Id.* at Dkt. # 35. On June 25, 2018, the Ninth Circuit affirmed the judgment against Plaintiff. *Id*. at Dkt. # 42.

On January 3, 2018, Plaintiff filed a complaint in Snohomish County Superior Court against Defendant. Dkt. # 1-1. Here, Plaintiff asserted three claims against Wells Fargo. Plaintiff's first two causes of action were identical to the first two causes of action in Plaintiff's second proposed SAC. *Compare* Dkt. # 1-1 *with* Case No. 2:16-cv-1629, Dkt. # 32-1. Plaintiff's third cause of action against Wells Fargo was for wrongful foreclosure, based on allegations that Wells Fargo was never entitled to payment of Plaintiff's loan, because the loan was securitized and Wells Fargo never obtained the loan when it obtained Wachovia's assets. Dkt. # 1-1 at 11-12.

ORDER – 3

On March 16, 2018, Defendant removed to this Court on the basis of diversity jurisdiction. Dkt. # 1.

## II. DISCUSSION

On March 23, 2018, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. # 7. Plaintiff has not opposed this Motion. Instead, on April 23, 2018, Plaintiff filed a Motion to Remand this matter to Snohomish County Superior Court. Dkt. # 12. Defendant opposes. Dkt. # 13.

### A. The Court Grants Defendant's Unopposed Motion to Dismiss

Defendant has moved to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff's claims are barred by res judicata and collateral estoppel, and because Plaintiff's state law claims are not cognizable under Washington law. Despite acknowledging receipt of Defendant's Motion to Dismiss,[1] Plaintiff did not oppose it. The Court considers this to be "an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). Accordingly, the Court will dismiss Plaintiff's claims.

---

[1] Dkt. # 12 at 2.

ORDER – 4

The question then turns to whether to grant Plaintiff leave to amend. Dismissal of a *pro se* complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment. *Terrell v. JPMorgan Chase Bank N.A.*, C14-930 MJP, 2014 WL 5449729, at *1 (W.D. Wash. Oct. 24, 2014) (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Id*.

The Court believes allowance of further amendments to this Complaint would be futile, because, among other reasons, the Court agrees with Defendant that Plaintiff's claims are barred under res judicata. "The doctrine of *res judicata* is designed to give finality to judicial determinations and to preclude a party from relitigating an issue that has already been resolved." *Fadaie v. Alaska Airlines, Inc.*, 293 F. Supp. 2d 1210, 1217 (W.D. Wash. 2003). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)) (citations omitted). "The doctrine of res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action." *Ownes v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

Plaintiff's current claims all derive from the same set of facts that predicated her earlier lawsuit; that her loan was securitized and therefore Wells Fargo was never entitled to payment. Plaintiff could have, and should have, brought these claims in the earlier lawsuit. Moreover, this Complaint is nearly word-for-word identical to the second proposed SAC rejected by Judge Lasnik, the key differences being that Plaintiff removed her claims under federal law and "cancellation of instruments" and added a claim of wrongful foreclosure, based on allegations that Wells Fargo was never entitled to payment of Plaintiff's loan, because the loan was securitized, and because Wells Fargo

ORDER – 5

never obtained the loan when it obtained Wachovia's assets.[2] *Compare* Dkt. # 1-1 *with* Case No. 2:16-cv-1629, Dkt. # 32-1. Many, if not all, of the factual assertions contained in this Complaint were contained in Plaintiff's second proposed SAC. Worse, Plaintiff's current causes of action for violations of RCW 11.40.051 and RCW 4.16.040 against Wells Fargo are word-for-word identical to their counterparts in the second proposed SAC. Case No. 2:16-cv-1629, Dkt. # 32-1. Judge Lasnik rejected these claims, stating that the arguments were either raised in her motion to amend or were waived. *Id*. at Dkt. # 34. Judge Lasnik granted a dismissal with prejudice, which is a final adjudication on the merits for purposes of res judicata. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006). The Court sees no need to revisit this decision.

This suit involves the same parties and essentially the same claims as the prior lawsuit, claims that were actually litigated and resulted in a final judgment on the merits. Moreover, any new claims in this lawsuit could have been raised in the prior lawsuits on the same set of facts. Accordingly, any claims relating to this set of facts have already been dismissed by Judge Lasnik in the previous lawsuit.

There is no reason to give Plaintiff additional bites at the apple. Plaintiff's lawsuit appears to be an attempt to escape judgment from Judge Lasnik's earlier dismissal by filing her rejected claims in a separate state court action. This Court is not tolerant of litigants that engage in this kind of gamesmanship, even if they are litigating *pro se*. Permitting amendment would be futile because, at the very least, Plaintiff's claims are barred by res judicata.

Accordingly, the Court believes it is appropriate to **GRANT** Defendant's Motion to Dismiss. The Court therefore **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

---

[2] Tellingly, Plaintiff failed to remove all references to her previous federal law claims from her new Complaint, which contain multiple references to both FDCPA and RESPA. *See, e.g.*, Dkt. # 1-1 at 7-8.

ORDER – 6

### B. The Court Denies Plaintiff's Motion to Remand

Civil actions may be removed from state court to federal court if original jurisdiction exists in the federal court at the time the complaint is filed. 28 U.S.C. § 1441(a). Plaintiff does not challenge that Defendant's removal was proper. Neither party disputes that original jurisdiction exists here under 28 U.S.C. § 1332 through complete diversity. Neither party disputes that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff instead argues that this Court should remand this case on abstention and supplemental jurisdiction grounds. This Court disagrees.

First, because this Court is granting Defendant's unopposed Motion to Dismiss with prejudice, Plaintiff's Motion to Remand is arguably moot. *See, e.g., Cyr v. Pierce Cty.*, C16-0430 RSM, 2016 WL 2855272, at *8 (W.D. Wash. May 16, 2016) ("Because the Court has determined that Plaintiffs' Complaint should be dismissed, the pending motion to remand is now moot.").

Second, even if Plaintiff's Motion to Remand was not moot, the Court would still be disinclined to grant Plaintiff's request on the stated grounds of abstention. Plaintiff argues that the Court should abstain from exercising jurisdiction based on *State v. Mushroom King, Inc.,* 77 B.R. 813 (D. Or. 1987), and *Burford v. Sun Oil Co.,* 319 U.S. 315, 316-17 (1943). Dkt. # 12 at 4-7. *Burford* abstention constitutes an "extraordinary and narrow" exception. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). The doctrine applies only if (1) "the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court"; (2) complex state law issues, regarding which state courts might have special competence, cannot be easily separated from federal issues; and (3) "federal review might disrupt state

ORDER – 7

efforts to establish a coherent policy." *U.S. v. Morros*, 268 F.3d 695, 705 (9th Cir.2001).[3]

Abstention from the exercise of federal jurisdiction is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)). Plaintiff's claims, which largely relate to foreclosure of her property, are not deserving of such exceptional treatment. As stated above, Plaintiff's did not contest Defendant's arguments that none of Plaintiff's current claims are cognizable under Washington law. Plaintiff also does not identify any particularly complex state law issues, or any state efforts to ensure all foreclosure-related cases are funneled into Washington state courts. Moreover, Plaintiff's arguments that the subject matter of the present case should be handled by state courts are particularly unavailing in light of Plaintiff's course of conduct in this dispute. Plaintiff's previous lawsuit, based on the same set of facts, contained mainly federal claims. Plaintiff chose to initiate this lawsuit in the federal courts and, when she became dissatisfied with the result, chose to try again in state court. Plaintiff cites no authority that permits abstention so that parties may relitigate dismissed claims in state courts. Instead, Plaintiff's abstention arguments appear to be attempts to turn back time to change the forum of her original complaint. The Court is disinclined to allow this.

Finally, Plaintiff argues that the Court should "decline supplemental jurisdiction." Dkt. # 12 at 4; Dkt. # 14 at 3. Plaintiff's point here appears to largely be an extension of Plaintiff's abstention arguments. However, to the extent it is a separate claim, the Court

---

[3] *Mushroom King, Inc.,* 77 B.R. 813 (D. Or. 1987) dealt with a unique circumstance where the court was faced with an issue of first impression about a relatively new statutory scheme. Plaintiff does not identify any such Washington statutory scheme at risk here, and in any event, already conceded that her state law claims do not have merit. Even Plaintiff's assertion that Washington state courts often consider foreclosure issues does not come close to equaling the new and comprehensive statutory scheme identified in *Mushroom King*.

ORDER – 8

still rejects it, because Plaintiff incorrectly assumes this Court can decline jurisdiction over her state law claims. As discussed above, this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a). "The diversity statute, unlike the supplemental jurisdiction statute, does not afford district courts the discretion to decline jurisdiction over state law claims." *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 793 n.2 (9th Cir. 2009). "District courts sitting in diversity therefore lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'" *Id*. (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). Consequently, this Court must exercise jurisdiction over all of Plaintiff's claims.

Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

### III. CONCLUSION

For the foregoing reasons the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion to Remand. Plaintiff's Complaint is hereby dismissed with prejudice.

Dated this 23rd day of July, 2018.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 9